## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-CV-140 JVB |
| | ) | |
| UNITED FARM MUTUAL INSURANCE | ) | |
| COMPANY, UFB CASUALTY INSURANCE | ) | |
| COMPANY, ERNEST TILLMAN, and | ) | |
| LAURA TILLMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff United States of America filed this action against Defendant on March 31, 2009.

Defendant United Farm Mutual Insurance Company filed a Motion to Dismiss on September 15,

2009 (DE 12). In response, Plaintiff filed a Motion to Amend/Correct the Complaint on October 5,

2009 (DE 17). For the following reasons, the Court grants Defendant's Motion and denies Plaintiff's

motion.


### A.  Background and Facts

On October 11, 2001, Plaintiff obtained a judgment against the Defendants Ernest and Laura

Tillman for unpaid federal income taxes, equaling $160,000 plus interest. Under 26 U.S.C. § 6321,

Plaintiff holds a valid lien on all property and rights to property belonging to the Tillmans, to the

extent of their unpaid tax liability.

After purchasing their home in 2000, the Tillmans entered into a homeowner's insurance

contract with Defendant United Farm Mutual Insurance. On April 23, 2007, the Tillmans' home was

destroyed by fire. Under the insurance contract, United Farm was obligated to indemnify the Tillmans for losses caused by the fire. After an investigation, United Farm rescinded the insurance contract and refused to pay any claim on the policy.

Plaintiff communicated with United Farm regarding the Tillmans' fire losses and insurance coverage because of the lien. United Farm cooperated with information requests, but did not send Plaintiff the actual policy or copies of correspondence between United Farm and the Tillmans. Plaintiff also corresponded with the Tillmans, but it is not clear from the Complaint or briefing if Plaintiff was given a copy of the policy or the recision and denial letters sent by United Farm to the Tillmans.

Plaintiff filed a Complaint against United Farm and the Tillmans for breach of contract and bad faith on March 31, 2009, alleging that United Farm's refusal to indemnify the Tillmans' losses was in breach of the policy and in bad faith. United Farm answered and filed a Motion to Dismiss on September 15, 2009. Because United Farm was not served until September 24, 2009, its answer was timely.

After waiving service on December 4, 2009, the Tillmans answered on March 2, 2010. In their answer, the Tillmans acknowledged Plaintiff's interest in their property, but they have not assigned to Plaintiffs their right to sue United Farm. The Tillmans have not briefed the Motion to Dismiss.


**B. Standard of Review**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910

F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

## C. Discussion

United Farm argues that Plaintiff's Complaint of bad faith is insufficient under *Iqbal*'s pleading standard. In response, Plaintiff has filed a Motion to Amend/Correct the Complaint. The amended Complaint would add additional facts, from which United Farm and the Court are to infer a breach of good faith.

In its supplemental briefing, United Farm further argues that Indiana law requires dismissal of the bad faith claim under the direct action rule. *See State Farm Mut. Auto. Ins. Co. v. Estep*, 873

---

[1]In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

N.E.2d 1021 (Ind. 2007). Plaintiff has not responded to this argument. The direct action rule prohibits "a third party or judgment creditor from directly suing a judgment debtor's insurance carrier to recover an excess judgment." *Id.* at 1026.

Indiana recognizes the right of an insured to directly assert a claim against an insurer for bad faith. *See id.* But a judgment creditor relationship is not in the same position as a trustee, who is allowed to sue for bad faith on behalf of an insured. *Bennett v. Slater*, 289 N.E.2d 144, 146 (Ind. Ct. App. 1972). Further, an insured must voluntarily assign its right to sue for bad faith before a third party or judgment creditor can sue on behalf of the insured. *See Estep*, 873 N.E.2d at 1027 (finding that involuntary assignment by court order was inconsistent with the direct action rule).

Here, the Tillmans have the right to sue United Farm for breach of good faith, but that right does not extend to Plaintiff absent an assignment. Because the Tillmans have not assigned this right to Plaintiff, the bad faith claim must be dismissed. The Court need not address the sufficiency of Plaintiff's pleadings under *Iqbal*, because it has state-law grounds for dismissal of the claim.

## D. Conclusion

Accordingly, Defendant United Farms Motion to Dismiss is GRANTED (DE 12) and Plaintiff's Motion to Amend/Correct the Complaint is DENIED as moot (DE 17).

SO ORDERED on April 21, 2010

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE